**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMIR IBRAHIMOV,<br><br>                              Petitioner,<br><br>      v.<br><br>CHRISTOPHER J LAROSE,<br><br>                              Respondent. | Case No. 26-cv-01187-BAS-BJW<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>**(ECF No. 1)** |

Petitioner Samir Ibrahimov, appearing *pro per*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) He claims he was improperly detained without bond pending adjudication of his immigration petition and that he has been subject to prolonged and excessive immigration detention. (*Id.*) He requests that he be given a bond hearing. (*Id.*) The Government responded, arguing: (1) 8 U.S.C. § 1252(g) strips this Court of jurisdiction; (2) Petitioner is ineligible for bond and subject to mandatory detention as an "applicant for admission" under 8 U.S.C. § 1225(b)(2); and (3) Petitioner's detention has not been arbitrarily or unreasonably prolonged. (ECF No. 5.) For the reasons stated below, the Court **DENIES** the Petition.

- 1 -

26cv1187

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## II.    STATEMENT OF FACTS

The Department of Homeland Security ("DHS") arrested Petitioner, a citizen of Azerbaijan, on June 2, 2025, at the International Border near Tecate, California.[1]  (ECF No. 5-1, Ex. A.)

On September 5, 2025, an Immigration Judge affirmed DHS's negative fear determination, and Petitioner was served with a Notice to Appear for removal proceedings on September 11, 2025.  (ECF No. 5-1, Exs. C, D.)  Since then, at least one continuance has been at Petitioner's counsel's request.  (*Id.* Ex. E.)  Petitioner's merits hearing is scheduled for May 1, 2026.  (*Id.*)

## III.    ANALYSIS

### A.    Jurisdiction

Respondent argues that 8 U.S.C. § 1252(g) strips this Court of jurisdiction to proceed.  Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney

---

[1] Although the Government argues that Petitioner was detained on July 2, 2025, there appears to be a typographic error in the attached reports.  The report mentions once that Petitioner was arrested on July 2 (ECF No. 5-1, Ex. A at 4), but the rest of the documents reflect an arrest date of June 2 (*see, e.g.*, ECF No. 5-1, Ex. A at 6.)  In addition, the report is dated June 3, which suggests that the arrest was in June, not July.

General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

The general rule is to "'resolve any ambiguities in a jurisdiction-stripping statute [such as Section 1252(g)] in favor of the narrower interpretation,' and by the 'strong presumption in favor of judicial review.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (quoting *Arce v. United States*, 899 F.3d 796, 801 (9th Cir. 2018)). Thus, the Supreme Court has ruled Section 1252(g) applies only to three discrete actions: commencing proceedings, adjudicating cases, or executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). "Instead of 'sweep[ing] in any claim that can technically be said to arise from the three listed actions,' the provision 'refers to just those three specific actions themselves.'" *Ibarra-Perez*, 154 F.4th at 995 (alteration in original) (quoting *Jennings v. Rodriguez,* 583 U.S. 281, 294 (2018)). "There are of course many other decisions or actions that may be part of the deportation process . . ." that are not one of these three. *See Reno*, 525 U.S. at 482 (listing possibilities). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Ibarra-Perez*, 154 F.4th at 997.

In this Petition, Petitioner is not contesting the commencement or adjudication of removal proceedings against him, nor is he raising an issue with respect to the execution of removal. His detention pursuant to 8 U.S.C. § 1225(b)(2) may be during, but is nonetheless independent of, the removal proceedings. Thus, this Court is not stripped of jurisdiction by Section 1252(g).

**B.    Mandatory Detention Pursuant to Section 1225(b)(2)**

Section 1225(b)(2)(A) applies to an applicant "seeking admission" to the United States. 8 U.S.C. § 1225(b)(2)(A). Such an applicant seeking admission to the United States at the border is subject to mandatory detention. *Id.* Petitioner was arrested at the border seeking admission to the United States and thus is subject to mandatory detention.

26cv1187

### C.   Prolonged Detention

Petitioner argues his detention has been arbitrarily and unreasonably prolonged.  He was arrested on June 2, 2025, so he has been detained a little over nine months and, by the time he has his merits hearing, he will have been detained 11 months.  There is no evidence presented that the Government has been causing or unreasonably delaying Petitioner's immigration proceedings.  In fact, at least one continuance has been at his attorney's request.  (ECF No. 5-1, Ex. E.)  Adopting the factors listed in *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022), the Court finds his detention at this point has not been unreasonably or arbitrarily prolonged.

## IV.   CONCLUSION

For the reasons stated above, Petitioner Samir Ibrahimov's Petition for Writ of Habeas Corpus is **DENIED**.  The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv1187